1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER PERINATI,                    No.  CIV.S-05-1406 DAD

12          Plaintiff,

13      v.                              ORDER

14   JO ANNE B. BARNHART,
     Commissioner of Social
15   Security,

16          Defendant.
     _____/

17

18          This social security action was submitted to the court,

19   without oral argument, for ruling on plaintiff's motion for judgment

20   on the pleadings and defendant's cross-motion for summary judgment.

21   For the reasons explained below, the decision of the Commissioner of

22   Social Security ("Commissioner") is affirmed.

23                        **PROCEDURAL BACKGROUND**

24          Plaintiff Peter Jack Perinati, Jr. applied for Disability

25   Insurance Benefits under Title II of the Social Security Act (the

26   "Act").  (Transcript (Tr.) at 43-45.)  The Commissioner denied

                                    1

plaintiff's application initially and on reconsideration.  (Tr. at 29-32, 35-39.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on November 3, 2004, at which time plaintiff was represented by counsel.  (Tr. at 203-18.)  In a decision issued on January 14, 2005, the ALJ determined that plaintiff was not disabled.  (Tr. at 8-20.)  The ALJ entered the following findings:

> 1.   The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.   The claimant's multi-level degenerative disc disease with chronic pain is a "severe" impairment, based upon the requirements in the Regulations (20 CFR § 404.1520(c)).
>
> 4.   This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.   The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.   The claimant has the following residual functional capacity: He is able to perform a medium level of work activity.
>
> 7.   The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8.   The claimant is an "individual of advanced age" (20 CFR § 404.1563).

9.   The claimant has a "high school education" (20 CFR § 404.1564).

10.  The claimant has no transferrable skills from the semi-skilled work previously performed as described in the body of the decision (20 CFR § 404.1568).

11.  The claimant has the residual functional capacity to perform the full range of medium work (20 CFR § 404.1567).

12.  Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rules 203.15, 203.16 and 203.17.

13.  The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

(Tr. at 19.)  The Appeals Council declined review of the ALJ's decision on May 13, 2005.  (Tr. at 3-6.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on July 12, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported

3

1 by substantial evidence, are conclusive.  See Miller v. Heckler, 770

2 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant

3 evidence as a reasonable mind might accept as adequate to support a

4 conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

5 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

6 (1971)); see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir.

7 2003) (Substantial evidence "is more than a mere scintilla but not

8 necessarily a preponderance.").

9       A reviewing court must consider the record as a whole,

10 weighing both the evidence that supports and the evidence that

11 detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The

12 court may not affirm the ALJ's decision simply by isolating a

13 specific quantum of supporting evidence.  Id.; see also Hammock v.

14 Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence

15 supports the administrative findings, or if there is conflicting

16 evidence supporting a finding of either disability or nondisability,

17 the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

18 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

19 improper legal standard was applied in weighing the evidence, see

20 Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

21       In determining whether or not a claimant is disabled, the

22 ALJ should apply the five-step sequential evaluation process

23 established under Title 20 of the Code of Federal Regulations,

24 Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,

25 140-42 (1987).  This five-step process can be summarized as follows:

26 /////

Step one: Is the claimant engaging in substantial
gainful activity?  If so, the claimant is found
not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe"
impairment?  If so, proceed to step three.  If
not, then a finding of not disabled is
appropriate.

Step three: Does the claimant's impairment or
combination of impairments meet or equal an
impairment listed in 20 C.F.R., Pt. 404, Subpt.
P, App. 1?  If so, the claimant is conclusively
presumed disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing
his past work?  If so, the claimant is not
disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual
functional capacity to perform any other work?
If so, the claimant is not disabled.  If not, the
claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant

bears the burden of proof in the first four steps of the sequential

evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner

bears the burden if the sequential evaluation proceeds to step five.

Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff bases his motion, for the most part, on two

arguments.  First, plaintiff argues that the ALJ erroneously rejected

plaintiff's testimony regarding the severity of his symptoms and the

resulting limitations those symptoms place upon him.  Second,

plaintiff contends that the ALJ erred in his assessment of the

opinions of plaintiff's treating sources.  The court addresses

plaintiff's arguments below.

/////

Beginning with plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). An ALJ's assessment of credibility should, in general, be given great weight. Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985). Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. Morgan, 169 F.3d at 599. In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms, an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness. See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings. Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848). Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997). Rather, "the ALJ can reject the claimant's

6

1   testimony about the severity of [his or] her symptoms only by

2   offering specific, clear and convincing reasons for doing so."

3   Light, 119 F.3d at 792.  See also Rollins v. Massanari, 261 F.3d 853,

4   857 (9th Cir. 2001); Reddick, 157 F.3d at 722.

5          Here, plaintiff's medical records document conditions which

6   might reasonably be expected to cause the symptoms he allegedly

7   suffers from.  However, while plaintiff alleges that he is totally

8   unable to work due to the severity of his symptoms stemming from his

9   back impairment, the ALJ made specific and detailed findings in not

10  fully crediting that testimony.  In particular, the ALJ pointed out

11  differences between plaintiff's written statements in which he

12  reported various extreme limitations, and his testimony at the

13  administrative hearing which suggests that he is not as limited as he

14  claimed in writing.  (Tr. at 64-70, 209-10.)

15         The ALJ also cited the extent of plaintiff's daily

16  activities, including caring for his dogs, taking morning walks, and

17  performing housework such as doing dishes, vacuuming and preparing

18  meals for his sons.  See Fair, 885 F.2d at 603 ("The Social Security

19  Act does not require that claimants be utterly incapacitated to be

20  eligible for benefits ....  Yet if a claimant is able to spend a

21  substantial part of his day engaged in pursuits involving the

22  performance of physical functions that are transferable to a work

23  setting, a specific finding as to this fact may be sufficient to

24  discredit an allegation of disabling excess pain."); Curry v.

25  Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990)(finding that the

26  ability to take care of personal needs, prepare easy meals, do light

                                7

housework, and shop for some groceries as inconsistent with the

presence of condition which would preclude all work).

Finally, in finding plaintiff's testimony less than

credible the ALJ relied on the opinion of Charles R. Miller, M.D., an

examining orthopedist, that plaintiff is capable of lifting and

carrying 50 pounds frequently and 65 pounds occasionally; pushing and

pulling 65 pounds frequently and 75 pounds occasionally; standing and

walking up to 6 hours per day in a non-continuous fashion; climbing,

crawling and stooping with only slight restriction; and reaching,

handling, hearing, speaking, seeing and sitting without restriction.

(Tr. at 171.)  A nonexamining state agency physician found plaintiff

capable of similar activities.  (Tr. at 177-84.)

Arguably the ALJ could have been more thorough in

addressing the credibility issue. (See Tr. at 17.)  Nonetheless, for

the reasons stated above, the court finds that the ALJ fairly

characterized the record and sufficiently stated specific, clear and

convincing reasons for not fully crediting plaintiff's testimony

regarding the severity of his symptoms.  See Tidwell v. Apfel, 161

F.3d 599, 602 (9th Cir. 1998).  Plaintiff's argument to the contrary

must be rejected.

Turning to plaintiff's next argument, plaintiff contends

the ALJ failed to specifically indicate the amount of weight, if any,

he gave to the medical opinions provided by plaintiff's various

health care providers.  However, as defendant points out, none of

plaintiff's treating sources actually rendered an opinion as to the

extent of plaintiff's limitations for social security purposes.

1  Therefore, there was no treating source opinion to credit or

2  discredit.

3      The physicians cited by plaintiff indeed diagnosed that he

4  suffered from a back condition.  In sum, plaintiff was found to have

5  low back pain with some radiculopathy and range of motion limitations

6  due to degenerative disc disease, spondylolisthesis, spondylolysis

7  and/or lumbar strain.  However, merely because plaintiff was

8  diagnosed with a back condition, does not mean that he was disabled

9  at the time it was diagnosed.  See Morgan v. Sullivan, 945 F.2d 1079,

10 1081 (9th Cir. 1991)("The significant date for disability

11 compensation is the date of onset of the disability rather than the

12 date of diagnosis.")(citation omitted).  Indeed, the examining

13 orthopedist also assessed spondylolisthesis and nonetheless found

14 plaintiff capable of work.  (Tr. at 171.)  The nonexamining state

15 agency physician was also aware of that diagnosis and also found

16 plaintiff capable of work.  (Tr. at 184.)

17     Other evidence cited by the ALJ supporting the findings

18 that plaintiff's back condition does not preclude all work included

19 the recommendation of conservative care by D. Michael Hembd, M.D., a

20 treating physician, who noted some improvement in plaintiff's

21 condition as a result of physical therapy and a lumbar belt.  (Tr. at

22 145-46.)

23     The undersigned realizes that in the workers' compensation

24 setting plaintiff's chiropractor, Aaron E. Adair, D.C., rated

25 plaintiff as "permanent and stationary" on September 29, 2003 and

26 stated that plaintiff "has lost his ability to perform substantial

1  work." (Tr. at 194.)  However, the ALJ specifically rejected that

2  statement because plaintiff's treating physicians rendered no similar

3  opinion.  In any event, the statement was not a medical opinion as

4  defined in the regulations, but an opinion on the ultimate issue of

5  disability, which is reserved to the Commissioner.  See 20 C.F.R.

6  404.1527; Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

7  The ALJ also noted a documented remark by plaintiff in March of 2004

8  that he had no plans to work because he had sufficient resources to

9  retire comfortably, not because he was disabled.  (Tr. at 197.)

10  Additionally, another chiropractor had opined that plaintiff was

11  precluded from only heavy work, not any work whatsoever.  (Id.)

12  Accordingly, in rejecting the opinion of plaintiff's chiropractor,

13  the ALJ sufficiently stated specific and legitimate reasons supported

14  by substantial evidence in the record.  See Lester, 81 F.3d at 830-

15  31.  Plaintiff's suggestion to the contrary is unpersuasive.

16        For these reasons, the undersigned finds no merit in

17  plaintiff's contention that the ALJ failed to specify the weight

18  given to the opinions of the treating medical sources.

19        Finally, plaintiff generally asserts in his motion that the

20  alleged errors discussed above undermined the ALJ's residual

21  functional capacity determination.[1]  However, as discussed above, the

22

23        [1] A claimant's residual functional capacity is what he can still
    do despite his limitations and is an assessment based upon all of the
24  relevant evidence.  20 C.F.R. §§ 404.1545(a), 416.945(a); see also
    Mayes v. Massanari, 276 F.3d 453, 461 (9th Cir. 2001).  It is the
25  duty of the ALJ to determine a claimant's residual functional
    capacity from the medical record.  20 C.F.R. §§ 404.1546(c),
26  416.946(c); see also Vertigan v. Halter, 260 F.3d 1044, 1049 (9th
    Cir. 2001).

1  ALJ did not err in his treatment of plaintiff's testimony or the

2  evidence from the treating sources.  The ALJ considered all of the

3  evidence and reasonably found plaintiff to have the residual

4  functional capacity to perform medium work.  (Tr. at 19.)  The

5  medical evidence is consistent with the assessment that plaintiff is

6  able to perform the work identified by the ALJ.  Accordingly, the

7  ALJ's residual functional capacity assessment is supported by

8  substantial evidence.

9                                **CONCLUSION**

10         Accordingly, the court HEREBY ORDERS that:

11         1.  Plaintiff's motion for judgment on the pleadings is

12  denied;

13         2.  Defendant's cross-motion for summary judgment is

14  granted; and

15         3.  The decision of the Commissioner is affirmed.

16  DATED: September 18, 2006.

17

18                          _____
                            DALE A. DROZD
19                          UNITED STATES MAGISTRATE JUDGE

20  DAD:th
    Ddad1\orders.socsec\perinati1406.order.
21

22

23

24

25

26

                                11